UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric C. Rhea, # 2612, # 277190, # 85078-071, former # 502100, aka Eric Christian Rhea, | ) C/A No. 6:09-818-HFF-WMC ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) **Report and Recommendation** ) **(for partial summary dismissal)** ) |
| Toll Gerold; Eldon Wyatt; Just Care, Inc.; Columbia Regional Care Ctr; Columbia Care Ctr; Chief Pledger; LT. Mclease; Sgt. Gallow; CO Glover; CO Creewell; CO Burgess; CO Bailey; CO Boukart; Dr. Harden; Dr. Hamilton; Dr. Thomas; Nurse Drake; Nurse Lawson; Nurse Princess; Nurse Felix; Nurse Kia; Nurse Maiyo; Nurse Leroy; CNA Clisby; CNA Marietta; CNA Alice; CNA Brown; CNA Stanley; CNA Sharon, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This is a civil action filed *pro se* by a person involuntarily confined in a psychiatric hospital.[1]

## Factual Background

`Eric C. Rhea (Plaintiff) complains about the conditions of his confinement and alleges that he does not receive appropriate clothing and medications. He also complains that he is not provided access to a law library and that he has been extorted under threat of harm by unnamed "correctional/security officers." He alleges that "Chief Pledger" (one of the named Defendants) was informed of the extortion, but did nothing to protect Plaintiff and/or the other extorted patients.

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

The only two named Defendants specifically mentioned in the allegations of the Complaint are "Columbia Regional Care Center" and "Chief Pledger." Although many additional individuals and entities are listed as Defendants by Plaintiff, the allegations of wrongdoing do not contain the names of any Defendant (except Pledger and Columbia Regional Care Center) as having participated or been involved in the alleged wrongdoing. Plaintiff's allegations are generally quite conclusory and non-specific with regard to who he claims participated in the alleged refusal of adequate clothing, improper distribution of medications, and/or extortion claimed. As a result, the Complaint fails to state a claim upon which relief may be granted against any of the named Defendants, with the sole exception of "Chief Pledger."

## **Pro Se Review**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint,

the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## Analysis

As an involuntarily confined South Carolina resident, Plaintiff's claims of inadequate conditions of confinement and/or medical indifference against other South Carolina residents may be considered by this Court under its federal question jurisdiction and pursuant to 42 U.S.C. § 1983.[2] In order to state a claim for relief under § 1983 an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). There is no basis for this Court to exercise diversity jurisdiction in this case because Plaintiff and all Defendants are South Carolina residents. *M & I Heat Transfer Prods, Ltd. v. Willke*, 131 F. Supp. 2d 256, 260 (D. Mass. 2001)(complete diversity rule requires that, to maintain a diversity suit in federal court, no plaintiff can be a citizen of the same state as any of the defendants).

3

as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991).

As stated above, with the exception of his specific mention of "Chief Pledger" and "Columbia Regional Care Center," Plaintiff fails to specifically allege which, if any, of the other named Defendants were/are involved the alleged wrongdoing in connection with Plaintiff's confinement. Instead, he uses generic, collective terms such as "the nurses" and "correctional/security officers" within the body of his Complaint. Such terms are equivalent to those such as "staff," which were specifically found inadequate to name a person subject to § 1983 in the cases cited above. Moreover, the Defendants "Just Care Inc." and "Columbia Regional Care Center" are buildings or facilities. They are inanimate objects and not persons. Thus Plaintiff's specific references to "Columbia Regional Care Center" as a wrongdoer within the body of the Complaint still fails to state a viable § 1983 claim for relief against this Defendant.

4

Additionally, Plaintiff has failed to request any relief or suggest to this Court any remedy for the alleged violations from any Defendants except "Chief Pledger" and "Columbia Regional Care Center." As stated above, none of the other Defendants are even named in the body of the Complaint nor are they specifically mentioned in requests for relief. Were this Court to find that Plaintiff's rights have been violated by one or more Defendant, but order no remedy, it would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Boston Chapter, NAACP v. Beecher*, 716 F.2d 931, 933 (1st Cir. 1983); *see Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions). The Tenth Circuit Court of Appeals faced an analogous situation in *Pub. Serv. Co. v. EPA*, 225 F.3d 1144 (10th Cir. 2000). In that case, addressing the plaintiff's failure to request specific relief, the court stated,

> This court would violate Article III's prohibition against advisory opinions were it to do that which [the plaintiff] requests, *i.e.*, issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief.

*Id.* at 1148 n. 4 (citing *U. S. v. Burlington N. R.R.*, 200 F.3d 679, 699 (10th Cir. 1999)). *Cf. James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996)(holding that, if the court were barred from granting the requested relief, its decision "would be an advisory opinion barred by Article III of the Constitution").[3]

---

[3] It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In absence of a request for relief against any named, but not mentioned in the allegations, Defendant, the Complaint filed in this case is frivolous and subject to summary dismissal as to those unmentioned Defendants.

5

**Recommendation**

Accordingly, it is recommended that the District Court partially summarily dismiss the Complaint in this case *without prejudice* and without issuance and service of process as to all Defendants, except "Chief Pledger."  *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  The Complaint should be served on Chief Pledger only.

Plaintiff's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

April 17, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce,* 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).